**Mack SNOWDEN and Reta Snowden, Plaintiffs-Appellants,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant-Appellee.**

No. 80–1098.

United States Court of Appeals, Sixth Circuit.

Argued April 13, 1981.

Decided May 15, 1981.

Harry J. Smith, Legal Services, Johnson City, Tenn., John Vail, Johnson City, Tenn., for plaintiffs-appellants.

John H. Cary, U.S. Atty., Knoxville, Tenn., Guy W. Blackwell, Asst. U.S. Atty., Greeneville, Tenn., for defendant-appellee.

Before EDWARDS, Chief Judge, MARTIN, Circuit Judge, and ENSLEN, District Judge.*

PER CURIAM.

Claimants seek review of a denial of Supplemental Security Income benefits for the months of July, August, and September, 1978, based on a final decision of the Secretary, made by the Appeals Council, that claimants had received $23,643.80 in unearned income in that quarter. Claimants lived in their own house until they moved in with their daughter on January 11, 1978. They kept a life estate in their original house, after they transferred title by deed

to their son. Claimants received $50.00 a month in rent from their son for the months March, April, and May, 1978. On September 11, 1978, claimants' daughter granted them a life estate in her house. This transfer was evidenced by a deed.

Based on these facts, the Appeals Council found that claimants had received unearned income in the amount of $23,643.80 in the form of this life estate for the relevant quarter, and that claimants were ineligible for supplemental benefits during that quarter. The figure was based on 57.778 percent of the current market value of the property, $44,383.33. 26 C.F.R. § 20.2031.-10. After the quarter in which it was received, the life estate was considered an "excludable resource," and claimants once again received benefits.

On appeal, claimants raise the issue whether receipt of a life estate in real property is income which may be applied to reduce the amount of Supplemental Security Income benefits during the quarter in which it is received. Specifically, claimants object to the Secretary's interpretation of a regulation which defines "income" as ". . . the receipt by an individual of any property or service which he can apply, either directly or by sale or conversion, to meeting his basic needs for food, clothing and shelter . . . ." 20 C.F.R. § 416.1102(a).

Claimants contend that receipt of a life estate in their daughter's house constituted support and maintenance in kind, within the meaning of 20 C.F.R. § 416.1125(a), since it represents "shelter." They reason that deductions from their supplemental income benefits must be limited to the presumed maximum value set forth in the regulations, one-third of the standard payment amount of $284.10, plus $60.00 per quarter. Claimants argue that the Appeals Council incorrectly determined that claimants had received a valuable interest in real property, which is a convertible asset and therefore not "shelter" under the pertinent regulations.

* Honorable Richard S. Enslen, United States District Judge for the Western District of Mich-

igan, sitting by designation.

The standard by which we review the Secretary's interpretation of her regulations is limited to a determination of whether it is clearly erroneous or inconsistent with the regulations. *Bernstein v. Ribicoff*, 299 F.2d 248 (3rd Cir. 1962), *cert. denied*, 369 U.S. 887, 82 S.Ct. 1161, 8 L.Ed.2d 288 (1962). We agree that a life estate constitutes unearned income within the meaning of the regulations. 20 C.F.R. §§ 416.1102(b) and (c); .1125–.1138. In their reply brief, claimants concede that the life estate was a gift. Before July, 1978 claimants were receiving support and maintenance in kind because they lived in another's household. The benefits they received were reduced accordingly by one-third, as the regulations require. However, when they were granted a life estate in their daughter's house, they fell within the ambit of the regulation which states that one is not living in the home of another when "[t]he eligible individual or a . . . spouse has an ownership or *life interest* in the home." 20 C.F.R. 416.-1125(b)(3)(i).

It is clear from the regulatory language that claimants no longer receive mere support and maintenance from their daughter in the form of shelter. A life estate is a valuable interest in real property, which is much more than "shelter." It is also clear from the fact that claimants themselves received rental income from their son for the life interest they retained in their original house, that the claimants appreciated the fact that a life interest can be converted into cash. Furthermore, the record shows that claimants pay $100.00 a month toward their daughter's mortgage, further evidence that claimants recognize an ownership interest in the property.

We are convinced that the Secretary correctly interpreted the regulations and found that claimants were not entitled to benefits for the quarter in which they received the life estate.

The judgment of the District Court upholding the final decision of the Secretary is affirmed.